**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 06-cv-02416-LTB

ROSS PORTER; and
ROSS PORTER D/B/A ROCKY MOUNTAIN HIGH,

    Plaintiffs,

v.

TELLER COUNTY BOARD OF COUNTY COMMISSIONERS;
TELLER COUNTY BUILDING DEPARTMENT; and
TELLER BOARD OF REVIEW;

    Defendants.

_____

**Order**
_____

Defendants Teller County Board of County Commissioners, Teller County Building Department and Teller Board of Review (referred to collectively herein as "Teller County") move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), claims by plaintiffs Ross Porter and Ross Porter d/b/a Rocky Mountain High (referred to herein as "Porter") for violations of his rights under the United States and Colorado constitutions, and for breach of contract. For the reasons discussed below defendants' motion is GRANTED, in part and DENIED, in part.

### I.  BACKGROUND

Porter is a licensed general contractor, doing business in Teller County, Colorado. The Teller County Building Department ("Building Department"), formed by the Teller County Board of County Commissioners ("County Commission"), is charged with inspecting and supervising all

ongoing construction projects within the county. The Building Department receives all initial complaints against local builders or contractors, and determines whether these complaints are serious enough to refer to the Teller County Board of Review ("Board of Review"). The Board of Review reviews all complaints referred by the Building Department by holding a hearing and assessing penalties, as necessary.

In late 2003, Porter entered into a contract with Laurie Anderson, a Teller County resident, to remodel her home. Due to various problems with this project not specified in the complaint, Anderson terminated the contract with Porter and filed a complaint against him with the Building Department. The Building Department referred the complaint to the Board of Review, which held a Hearing December 1, 2004. The Board of Review considered, and rejected, a one year and a three month suspension of Porter's license. The Board of Review proposed the lesser penalty of one year's probation (even though this is not a penalty available under the Teller County Building Code.) During this probationary period the Building Department would review and supervise Porter's projects with extra care and scrutiny. If the Board of Review received no further complaints against Porter after a year, it would lift his probation and dismiss Anderson's complaint without further action against Porter. However, any new complaints against Porter would be grounds for further action. Porter agreed to these terms.

During his one year probation, Porter did not perform any additional work on the Anderson project, and had no contact with Anderson except those related to the civil claims they filed against the other, details of which are not provided in the record here. According to Porter, the District Court found that neither party acted in bad faith or had "other evil intent," found in favor of Porter on all of Anderson's fraud-related claims, found that Porter had breached his

contract with Anderson, justifying her termination of the contract, and awarded damages to both parties, resulting in a net judgment against Porter and in favor of Anderson of $5,173.92.

On December 7, 2005 the Board of Review met to consider Porter's one year probation. The Building Department reported that it had received no new complaints against Porter that merited referral to the Board of Review, and recommended lifting Porter's suspension. The Board of Review heard testimony from Anderson about the incidents that were the basis of her original complaint. While the Board stated that it could only properly hear about Code violations and not civil disputes, Anderson also testified as to her civil dispute with Porter, and misrepresented that the District Court had found Porter "guilty" (sic) of "misappropriating trust funds, abandoning the contract and substantial, willful and repeated misconduct." While the Board of Review had copies of the District Court's Order during the hearing, Porter states that it "failed to read the District Court's Order and instead accepted Ms. Anderson's representations of the Court's findings." Another homeowner also testified about unspecified "civil matters and/or complaints" against Porter. At the conclusion of the Hearing, the Board of Review moved to suspend Porter's license for three months "specifically because he has been found guilty in a court of law . . . for having used funds fraudulently from the Laurie Anderson contract and for abandonment of contract without cause," and found that "there was a willful act that was substantial. . . and has caused substantial damage (and) economic harm to Ms. Anderson."

The County Commission heard Porter's appeal of this decision March 9, 2006.  Anderson again testified and recounted her civil action against Porter. The County Commission made no findings that Porter had violated the terms of his probation, and found that the District Court's order did not include findings that Porter had committed fraud or misappropriated funds. The

County Commission nevertheless affirmed the Board of Review's three month suspension of Porter's general contractor license.

Porter brought this complaint December 1, 2006, making claims for violations of equal protection and substantive due process under the U.S. Constitution (claim 1) and the Colorado Constitution (claim 2), and for breach of contract (claim 3), seeking unspecified money damages. Defendants filed this motion to dismiss the constitutional claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and to dismiss the state law breach of contract claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied.  *See id*.  In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party."  *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Fed. R. Civ. P. 12(b)(6) does not provide a procedure for resolving a contest about the facts or the merits of the case. Thus, one must read Fed. R. Civ. P. 12(b)(6) in conjunction with Fed. R. Civ. P 8(a), which sets forth the requirements for pleading a claim in federal court. Federal R. Civ. P 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it must "give the defendant

fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47.

### III.  DISCUSSION

A.  <u>Claims Against the Building Department and the Board of Review</u>

Teller County, citing *Stump v. Gates,* 777 F. Supp. 808, 814-816 (D. Colo. 1991), contend that the Building Department and the Board of Review are subordinate entities to the County Commission and accordingly lack the legal capacity to sue or be sued. Porter does not contest this point. These parties are therefore dismissed from this case.

B.  <u>State Constitutional Claims</u>

Relying on *Board of County Commissioners v. Sundheim,* 926 P.2d 545, 549-550 (Colo. 1996), Teller County contends that Porter's claims under the Colorado Constitution necessarily fail because the Colorado Constitution does not contain a right of action to recover money damages. Porter concedes this point as well, so his second claim for relief is dismissed.

C.  <u>Section 1983 Claims</u>

Porter's first claim for relief, brought under 42 U..S.C. § 1983, is for violations of his rights under the due process and equal protection clauses of the U.S. Constitution.

1.  Substantive Due Process

Porter alleges that the County, in suspending his license, violated his substantive due process rights. Since Porter does not allege that he is a member of a suspect class or that this case involves fundamental rights, to make out a claim of violation of substantive due process, he must allege facts showing he was deprived of a "property or liberty interest warranting due process protection," and that the deprivation was "arbitrary and capricious." *Crider v. County*

*Commissioners, County of Boulder,* 246 F.3d 1285, 1289 (10th Cir. 2001). This standard requires Government action that is more than "simply erroneous." *Id.* Even a violation of state law does not necessarily meet this threshold. *Norton v. Village of Corrales,* 103 F.3d 928, 932 (10th Cir. 1996). A Government action is arbitrary and capricious *"only if the alleged purpose behind the state action has no conceivable rational relationship to the exercise of the state traditional police power."* *Crider,* 246 F.3d at 1289. (Emphasis in original.)

Porter contends that Teller County mis-states the appropriate "arbitrary and capricious" test," and argues instead for a less stringent standard barring Government from "the exercise of power without any reasonable justification in the service of a legitimate governmental objective." *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). However, Porter offers no authority clarifying whether the *Lewis* standard is different from the standard articulated by Teller County.

Whether the standard is "no conceivable rational relationship" or "no reasonable justification," the extent of the deprivation of a property right must be severe. Due process limits both executive and legislative acts by Government, and applies different standards to each. *Id.* Neither party disputes that the County Commission's discretionary decision to temporarily suspend Porter's license constitutes executive action. In such a case, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* The abuse of executive power must be so outrageous that it "shocks the conscience." *Id.*

The Government action Porter alleges here is that the County, despite Porter's compliance with the terms of his probation, and absent any information about new violations of the Building Code, nevertheless suspended his license for three months. Porter's three-month suspension is not

a deprivation of rights that "shocks the conscience of federal judges," or that represents "a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience-shocking." *Camuglia v. The City of Albuquerque,* 448 F.3d 1214, 1222 (10th Cir. 2006). Porter's temporary loss of his contractor's license is insufficient to sustain a claim for violation of substantive due process.

    2.    Equal Protection

Porter does not allege that he is a member of a suspect class. Rather, he invokes the "class of one" strand of equal protection doctrine where state action is directed specifically against the individual plaintiff "for reasons wholly unrelated to any legitimate state objective." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). To make out this kind of equal protection claim, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Id.*

Defendants contend that Porter's claim fails because he has not alleged that Teller County acted out of personal animosity against him. While the Supreme Court in *Olech* specifically held that a plaintiff could make out an equal protection claim by alleging differential treatment without a rational basis, "quite apart from the (defendant's) subjective motivation," *Olech,* 528 U.S. at 565, the Tenth Circuit appears to require subjective ill-will as an element of a class of one equal protection claim. *See Mimics, Inc. v. Village of Angel Fire,* 394 F.3d 836, 849 (10th Cir. 2005) (an equal protection claim requires "animosity" towards the plaintiff); *Jennings v. City of Stillwater,* 383 F.3d 1199, 1211 (10th Cir. 2004) (observing that some circuits, *post-Olech* require subjective malice or ill-will and noting that the Tenth Circuit "seems to have adopted a similar

approach"); *Bartell v. Aurora Pub. Sch.,* 263 F.3d 1143, 1149 (10th Cir. 2001) (plaintiff "must prove he was singled out for persecution due to some animosity" or show that state action was a "spiteful effort to get (him).")

However, even assuming that subjective malice or ill-will is a necessary element of an equal protection claim, Teller County's argument still fails. Paragraph 85 of Porter's complaint specifically characterizes Teller County's actions as malicious. Paragraph 87 states that the County's actions were "malicious or oppressive," and that Teller County acted with "intent to injure Plaintiffs." While Porter's complaint is admittedly sparse in alleging facts that show malice, the complaint is sufficient to place Teller County on notice of Porter's claim, and therefore satisfies Porter's burden under Rule 8(a).

Teller County asserts that Porter's claim also fails because, even assuming the County acted with malice, Porter has failed to show that there was no objectively reasonable basis for the County's action. *Jicarilla Apache Nation v. Rio Arriba County,* 440 F.3d 1202, 1210 (10th Cir. 2006.) Teller County contends that since regulating local contractors is a legitimate activity, the decision to suspend Porter's license based on Anderson's complaint is reasonably related to that purpose and defeats an equal protection challenge. But this argument goes too far. Under this logic, any action by a County that is within its authority survives an equal protection claim. Porter does not contend that the County lacked the authority to suspend him, but that it exercised its authority in a manner that violated his constitutional rights. To state that the County acted under the broad rubric of regulating contractors is insufficient, under the facts alleged here, to show that Porter's suspension was not irrational. Under these circumstances, I cannot say that Porter can prove no set of facts that would show that the County acted irrationally. Teller County's motion

to dismiss Porter's equal protection claim fails.

D.     State Law Breach of Contract Claim

Teller County contends that Porter's breach of contract claim fails for two reasons. First, in the absence of any federal claims this Court lacks subject matter jurisdiction over the state law claim. Since Porter's equal protection claim survives the motion to dismiss, there remains one federal claim to which this breach of contract claim is related, which is sufficient to maintain supplemental jurisdiction over this claim under 28 U.S.C. § 1367.

Second, defendants argue that Porter has failed to comply with Col. Rev. Stat. § 30-25-110, which governs the presentation of a claim to a county. This statute states, in relevant part: "Any claim or demand held by any person against a county shall be presented for audit and allowance to the board of county commissioners. . . before an action in any court shall be maintainable thereon." Col. Rev. Stat. § 30-25-110(a). Complying with this statute is a prerequisite to suing a county on contract claims. *CAMAS Colorado, Inc., v. Board of County Commissioners,* 36 P.3d 135, 140 (Colo. Ct. App. 2001). To satisfy this statute, a plaintiff must present the claim and the County must disallow the claim before the plaintiff may file suit. *Id.* The purpose of the statute is "to give the county an opportunity to pay a claim before being required to defend against it in court." *Tisdel v. Board of County Commissioners of Bent County,* 621 P.2d 1357, 1361 (Colo. 1980).

Porter contends, without citing authority, that this statute does not apply to his claim because it has not yet been reduced to a final judgment for a specific amount of money damages. Indeed, it is unclear how a claim for unspecified money damages "in an amount in accordance with the proof at trial and punitive damages as allowed by law" can be evaluated and be subject to

9

audit by a County. More important, Porter states that he did contact the County Commission in writing June 1, 2006, six months before filing this lawsuit, giving the County notice of his claim and the opportunity to respond. Porter states he received no response. Teller County does not dispute the existence of this letter, and does not argue that it had no opportunity to review and settle Porter's claim. Under these circumstances, I conclude that Porter's letter fulfilled the purposes of the statute.

It is so Ordered that defendant's motion to dismiss (Docket #7) is GRANTED, in part and DENIED, in part, in that:

1) All claims against defendants Teller County Building Department and Teller Board of Review are DISMISSED; and

2) Defendants' motion to dismiss Porter's second claim for relief, violations of the Colorado Constitution, is GRANTED;

3) Defendants' motion to dismiss Porter's claim for violations of substantive due process under the United States' Constitution is GRANTED;

4) Defendants' motion to dismiss Porter's claim for violations of equal protection under the United States' Constitution is DENIED; and

5) Defendants' motion to dismiss Porter's claim for breach of contract is DENIED.

**DONE and ORDERED,** this ___14th___ day of May 2007 at Denver, Colorado.

                                                                            s/Lewis T. Babcock
                                                                   United States District Chief Judge